UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JORGE GIOVANI S.G.,[1]

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-03322-TLN-JDP

A# 240-174-044

**ORDER**

This matter is before the Court on Jorge Giovani S.G.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition") (ECF No. 1). Respondents filed an opposition. (ECF No. 8.) Petitioner replied. (ECF No. 11.) For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

This matter arises out of Petitioner's constitutional challenge to his civil immigration detention. Approximately five years ago, Petitioner entered the United States without inspection or admission. (ECF No. 8 at 1.) Petitioner states he has been residing in the United States with his fiancé and four children. (ECF No. 1 at 6.) He further asserts he is the primary financial provider for his family. (*Id.*)

While in the country, Petitioner has sustained three convictions. (ECF No. 8 at 2.) On January 26, 2024, Petitioner was convicted of false imprisonment in violation of California Penal Code § 236. (ECF No. 8-1.) On July 14, 2025, Petitioner was convicted of two misdemeanor counts of unlawful possession of a controlled substance in violation of California Health and Safety Code § 11377(a). (*Id.*) Petitioner was out of criminal custody and attended domestic violence and substance abuse classes. (ECF No. 1 at 6.)

On April 20, 2026, Petitioner was scheduled to appear at a criminal court hearing to show evidence of completion of his court-ordered rehabilitation efforts. (*Id.*) Before Petitioner made it to his court hearing, U.S. Immigration and Customs Enforcement ("ICE") apprehended Petitioner at the courthouse. (*Id.*; ECF No. 8-1 at 2.)

Petitioner has now been detained for nearly four months and he has never been provided a custody hearing. (ECF No. 11 at 2.) Petitioner challenges the lawfulness of his detention through the instant habeas petition. (ECF No. 1.)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its

protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. Analysis

Petitioner alleges that his detention without a hearing violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 17–18.) Respondents argue that Petitioner is subject to mandatory detention without a hearing under 8 U.S.C. §§ 1226(c) and 1225(b)(2). (ECF No. 8.) The Court first addresses detention authority before turning to Petitioner's constitutional claim.

### A. Detention Authority

#### *i. 8 U.S.C. § 1226(c)(1)(A)*

Petitioner contends he is not lawfully detained under 8 U.S.C. § 1226(c)(1)(A) because the government has not charged Petitioner with inadmissibility for a covered offense. (ECF No. 11 at 5–6.) Respondents argue Petitioner's three convictions subject him to mandatory detention under § 1226(c)(1)(A). (ECF No. 8 at 2–4.)

Section 1226(c)(1)(A) states the "Attorney General shall take into custody any [noncitizen] who [ ] is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(A). Section 1182(a)(2) enumerates various categories of crimes, including, as relevant here, crimes involving moral turpitude and controlled substances. 8 U.S.C. § 1182(a)(2)(A)(i).

"[T]he plain language of 8 U.S.C. § 1226(c)(1)(A) requires an administrative charge of inadmissibility by reason of having committed an offense covered in 8 U.S.C. § 1182(a)(2) as prerequisite to mandatory detention under that provision." *Colmenares-Pinto v. Warden of Golden State Annex Ice Det. Facility*, No. 1:26-CV-00812-DAD-SCR, 2026 WL 923804, at *2 (E.D. Cal. Apr. 6, 2026), *report and recommendation adopted*, 2026 WL 1430913 (E.D. Cal. May 21, 2026). Indeed, this District routinely finds that § 1226(c)(1)(A) does not authorize mandatory detention where the government has failed to charge a noncitizen with any offense covered by § 1182(a)(2). *See id.*; *Miao v. Chestnut,* No. 1:26-cv-1271-KES-SKO, 2026 WL 947020, at *3 (E.D. Cal. April 8, 2026); *Lopez v. Warden, California City Det. Facility*, No. 1:26-

CV-4852-DC-JDP, 2026 WL 2280944, at *3 (E.D. Cal. Aug. 7, 2026).

The Board of Immigration Appeals has ruled similarly, and further explains that, although the government may later cure the failure to charge the basis for mandatory detention, it must be rectified with proper notice and an opportunity to challenge detention:

> Where the ground for removal subjects [a noncitizen] to mandatory detention, the charging document serves as notice to the [noncitizen] of the circumstances relied on by the [Department of Homeland Security] to detain him. However, where the basis for detention is not included in the charging document, the [noncitizen] must be given notice of the circumstances or convictions that provide the basis for mandatory detention and an opportunity to challenge the detention before the Immigration Judge during the bond redetermination hearing.

*Matter of Kotliar*, 24 I&N Dec. 124 (BIA 2007).

A Notice to Appear is the typical charging document in immigration proceedings. 8 C.F.R. § 1003.13; *see also* 8 U.S.C. § 1229(a)(1) (the Notice to Appear must specify "[t]he nature of the proceedings against the [noncitizen]," "the legal authority under which the proceedings are conducted," and "the acts of conduct alleged to be in violation of the law.").

Taken together, where the government has failed to charge or notify a detainee of an offense covered by § 1182(a)(2), § 1226(c)(1)(A) does not govern their detention.

Here, Petitioner's Notice to Appear lists a single basis for removability:

> On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:
>
> 212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

(ECF No. 8-2 at 1.) Petitioner is charged with inadmissibility under 8 U.S.C. § 1182(a)**(6)**(A)(i), as a noncitizen present in the United States without being admitted or paroled.[2] (ECF No. 8-2.) The Notice to Appear does not state that Petitioner is charged with inadmissibility under § 1182(a)**(2)**, nor does it reference his criminal convictions. In other words, the Notice to Appear

[2] Immigration and Nationality Act § 212 is codified at 8 U.S.C. § 1182.

does not charge or notify Petitioner of any offense giving rise to detention under 8 U.S.C. § 1226(c)(1)(A). (*Id.*)

Additionally, Respondents have not produced or identified any supplemental notice to Petitioner of a charge under § 1182(a)(2) to cure the deficiency in the Notice to Appear. Nor do Respondents provide any authority for the proposition that the government may detain noncitizens under § 1226(c)(1)(A) without notifying them of the basis for mandatory detention. To permit otherwise would raise serious due process concerns. Indeed, there is no evidence in the record that Petitioner ever knew the government was subjecting him to mandatory detention under § 1226(c)(1)(A), or that he could challenge that basis for detention, until Petitioner sought relief in federal court and Respondents opposed his habeas petition. On this basis alone, the Court finds Petitioner's detention cannot be governed by § 1226(c)(1)(A).

Even if the government had charged Petitioner with an offense under § 1182(a)(2), Respondents have failed to meet their burden to show Petitioner's convictions are covered offenses under the statute.[3] *See Coronado v. Holder*, 759 F.3d 977, 980 (9th Cir. 2014) (citing *Ruiz–Vidal v. Gonzales*, 473 F.3d 1072, 1077–78 (9th Cir. 2007)) (burden on the government to show offenses fall under § 1182(a)(2)). Under the categorical approach, the Ninth Circuit has clearly stated that Petitioner's convictions are not categorically removable offenses under § 1182(a)(2). *See id.* at 983 (California Health & Safety Code § 11377(a)); *Turijan v. Holder*, 744 F.3d 617, 622 (9th Cir. 2014) (California Penal Code § 236). And, although a court may assess Petitioner's convictions under a modified categorical approach (*Coronado*, 759 F.3d at 983; *Turijan,* 744 F.3d at 622 n.7), the record here is devoid of any information relating to the convictions, rendering it impossible to undertake such an analysis. *See Turijan,* 744 F.3d at 622 n.7. The only evidence of conviction before this Court is a RAP sheet listing dates and charges. (ECF No. 8-1.) The parties provide no further glimpse into the nature, facts, or circumstances of Petitioner's convictions. Thus, the record is insufficient to support a finding that Petitioner's

---

[3] *See also Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 12 F.4th 321, 330–34 (3d Cir. 2021) ("To comport with due process, the Government must show by a preponderance of the evidence that the detainee is properly included within § 1226(c) as both a factual and a legal matter."); *Tijani v. Willis*, 430 F.3d 1241, 1246 (9th Cir. 2005) (Tashima, J., concurring).

convictions fall under § 1182(a)(2) and Respondents have failed to show Petitioner is subject to mandatory detention.

Having found Petitioner's detention is not covered by 8 U.S.C. § 1226(c), the Court assesses the parties' alternate bases of authority for detention.

*ii. 8 U.S.C. §§ 1225(b)(2) and 1226(a)*

Respondents alternatively argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) (ECF No. 8), while Petitioner asserts § 1226(a) governs his detention (ECF No. 11 at 3).

The Ninth Circuit has rejected Respondents' application of § 1225(b)(2) to persons like Petitioner. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10. In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a). *Id.* at *3.

Therefore, the Court finds that Petitioner's current detention is governed by 8 U.S.C. § 1226(a) and he is entitled to the procedural safeguards afforded by that statute.

B. <u>Fifth Amendment Due Process Clause</u>

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

*i. Liberty Interest*

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). An individual's liberty interest may be strengthened over time. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025).

Petitioner has a clear liberty interest here. He has resided in the United States for approximately five years and works to provide for his family. "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *Rico-Tapia v. Smith*, 806 F. Supp. 3d 1166, 1182 (D. Haw. 2025) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973); *Morrissey*, 408 U.S. at 481–82). Accordingly, Petitioner has a clear interest in his continued liberty.

*ii. Procedures Required*

Having found Petitioner possesses a protected liberty interest, the Court next examines what process is necessary to ensure any deprivation of that interest accords with the Constitution. The Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, Petitioner has a substantial private interest in remaining free from detention, as discussed above. Petitioner has established a life in the United States over the last half decade. Despite that, Petitioner has now been detained for nearly four months without any opportunity to be heard as to the justification of his detention, separated from his family, and unable to work to support them. Thus, Petitioner's private interest has been impacted by his detention. *See*

*Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD, 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly); *Perera II*, 598 F. Supp. 3d at 745 (quoting *Rajnish v. Jennings*, 2020 WL 7626414, at *6 (N.D. Cal. Dec. 22, 2020) ("Any length of detention implicates the same fundamental liberty interest in remaining free from imprisonment.") (cleaned up)).

Second, the risk of erroneous deprivation is significant given Petitioner has not received any process, either pre- or post-deprivation of liberty. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest in order for detention to comport with due process. *Zadvydas*, 533 U.S. at 690. Additionally, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." *Hernandez*, 872 F.3d at 994. Here, Respondents have not articulated any special justification to outweigh Petitioner's liberty interest, nor do they claim Petitioner is a danger to the public or a flight risk. (*See* ECF No. 8.) Rather, Respondents argue that they are entitled to detain Petitioner without any showing as to danger or flight, even though they have provided no notice to Petitioner of their assertion of mandatory detention nor any opportunity to challenge it, contrary to BIA precedent (*Matter of Kotliar*, 24 I&N Dec. 124 (BIA 2007)), as discussed above. As a result, Petitioner has never been provided notice or an opportunity to be heard as to the basis for his detention. Where no procedural safeguards have been provided, the probative value of additional procedural safeguards is high. *R.D.T.M.*, 2025 WL 2617255, at *4.

Finally, the government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are negligible. *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Although the Court recognizes the government's interest in immigration enforcement, that interest does not outweigh all procedural safeguards. Notice and hearings are routine processes for Respondents. Indeed, they are the very processes owed to Petitioner under 8 U.S.C. § 1226(a). Any burden associated with the provision of these safeguards does not outweigh Petitioner's liberty interest and the risk of erroneous deprivation. Respondents put forth no legitimate justification in detaining Petitioner

absent these processes.

At a minimum, due process required notice and a hearing as to Petitioner's detention. Respondents have not provided sufficient notice or any hearing either pre- or post-detention in nearly four months of custody. Therefore, Respondents violated the Fifth Amendment and Petitioner's procedural due process rights.

## IV. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. It is FURTHER ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Jorge Giovani S.G. (**A# 240-174-044**) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions and provide him a copy of this Order. Respondents must file **a notice of compliance** with this Order **by August 28, 2026.**

2. Respondents are ENJOINED and RESTRAINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226, absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government shows by clear and convincing evidence: (1) Petitioner is subject to 8 U.S.C. § 1226(c) after issuing a proper charge for covered offenses, or (2) the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. The Clerk of Court is directed to serve this Order on the **Golden State Annex**.

4. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: August 24, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE